[Civ. No. 26560. Second Dist., Div. Four. Mar. 28, 1963.]

BILL WERNER, a Minor, etc., et al., Plaintiffs and Appellants, v. E. H. HOLTON et al., Defendants and Respondents.

Morris Lavine for Plaintiffs and Appellants.

Kinkle & Kinkle and Donald H. Dewberry for Defendants and Respondents.

KINGSLEY, J.—In the course of construction of a building, defendants had occasion to use a cement finishing machine which, as described in the testimony, had the appearance of a large lawnmower with horizontally rotating blades. While the machine was being used on a Saturday morning, one of the bolts holding one blade broke or sheared, causing the blade to malfunction. Because it was unwise to allow the machine (described as weighing between 200 and 300 pounds) to remain on soft concrete, defendants' employee, assisted by another person, carried the machine a few feet outside the building onto an adjoining lot. This lot, ultimately to become

a parking area for the building, was at the time vacant except for building materials and construction debris. Defendants' employee left the machine in this place, without guard or warning sign, and (it being Saturday afternoon) unattended by any fellow workmen, while he went to secure the parts necessary to effectuate a repair. About 4 or 4:30 that afternoon, plaintiff, then a boy of 14 about to enter high school, accompanied by a friend aged 15, passed the lot, saw the machine and entered onto the lot for the purpose of examining it more closely. Plaintiff attempted to start the machine; as it started, the machine swung in such a way that its handle struck plaintiff on the head, causing severe injury.

The trial court submitted the case to the jury and included in its charge to the jury instructions (the language of which is not here questioned) which submitted the issues of attractive nuisance, assumption of risk and contributory negligence. After deliberation, the jury returned a unanimous verdict for the defendants.

I

Plaintiffs complain: (1) that the verdict was against the evidence; (2) that the court erred in submitting the issue of assumption of risk in a case involving an attractive nuisance; and (3) that defense counsel was guilty of misconduct in particulars hereinafter discussed.

II

We have read the reporter's transcript in its entirety. The verdict could well have gone for either party. However, the evidence was such that a finding adverse to plaintiffs could legitimately have been drawn on each major issue in the case. The trial judge denied a motion for a new trial. In this state of the record we are bound by the jury's decision supported by the trial judge.

III

In *Marino* v. *Valenti* (1953) 118 Cal.App.2d 830, 842 [259 P.2d 84], the court approved, as stating the applicable rule in California, the formulation of the attractive nuisance doctrine as follows:

"Our review of the decisions in this state convinces us that the rule today in California is substantially as expressed in section 339 of the Restatement of the Law of Torts: 'A possessor of land is subject to liability for bodily harm to young children trespassing thereon caused by a structure or

other artificial condition which he maintains upon the land if (a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and (b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily harm to such children and (c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and (d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein.' ''

As so stated, it seems that the question of whether or not ''assumption of risk'' is involved in an attractive nuisance case is a matter of semantics and not of law. The child must not ''realize the risk''; contrawise, if the child does ''realize the risk,'' the doctrine of attractive nuisance is not satisfied. To treat this realization as an affirmative defense under the name of ''assumption of risk'' puts on defendants perhaps more burden of proof and of persuasion than the law required. Of this plaintiffs cannot complain.

## IV

It appears from discussion by counsel with the court that the minor plaintiff had had trouble with the juvenile court authorities both before and after the accident herein involved. Defense counsel sought to show the subsequent episodes as explaining plaintiff's allegedly poorer scholastic progress after the accident. During a conference in chambers the trial judge ruled that the evidence was material but excludable as too prejudicial. Nevertheless, defense counsel, by cross-examination, asked questions touching on the matter and referring obliquely to the juvenile court commitment. After some discussion, plaintiffs withdrew their claim for damages based on the minor plaintiff's scholastic difficulties and the jury was instructed to disregard the entire line of questioning. Since we think the evidence, when sought to be adduced, clearly material, the judgment of the trial court (promptly invoked by objection, motion for mistrial and other motions), that the references as far as made were not prejudicial in light of the cautionary instruction, is binding on us.

We have read the argument of defense counsel to the jury. We see nothing in any of the remarks objected to by plaintiffs which either were not or could not have been cured

by the trial court's action had such been requested.   (*Jonte v. Key System* (1949) 89 Cal.App.2d 654, 659 [201 P.2d 562].)

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 22, 1963.